UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-10012-ALTMAN

**UNITED STATES OF AMERICA**,

v.

**JUSTIN MEYER**,

    *Defendant*.
_____/

**ORDER DENYING RENEWED MOTION TO DISMISS INDICTMENT**

The Defendant has filed a Renewed Motion to Dismiss Indictment (the "Motion") [ECF No. 78]. In the Motion, the Defendant—charged with two counts of violating 18 U.S.C. § 922(g)(1) (Possession of a Firearm and Ammunition by a Convicted Felon)—argues that his "2019 state court judgment is void and therefore cannot establish that [he] was convicted of [a requisite] predicate felony." *Id.* at 2. In the Defendant's view, the "amendments to Florida's theft statute reclassified offenses of the kind that [he] allegedly committed, from felonies to misdemeanors [before] his 2019 state court judgment was issued[.]" *Id.* at 1. The Government opposes the Motion and contends, citing *Lewis v. United States*, 445 U.S. 55 (1980), that the Defendant cannot "collaterally attack[ ] his state felony theft conviction[.]" United States of America's Response in Opposition to Defendant's Renewed Motion to Dismiss Indictment (the "Response") [ECF No. 80] at 1. After careful review, we **DENY** the Motion.

## THE FACTS[1]

The Defendant was arrested on November 18, 2012, for "stealing an iPhone with a value over $300, but less than $5,000." *Meyer v. State*, 2023 WL 5418585, at *1 (Fla. 3d DCA Aug. 23, 2023). The State of Florida charged the Defendant with one count of felony grand theft in the third degree under FLA. STAT. § 812.014(1) & (2)(c) (2012).[2] *See ibid.* The Florida circuit court accepted his guilty plea, but "withheld adjudication," and imposed a 24-month probation. *See ibid.*

The Defendant proceeded to violate the terms of his probation three separate times. *See ibid.* In the wake of the first two violations, the Florida circuit court "continued to withhold adjudication of [the Defendant's] guilty plea but imposed an extended probationary period." *Ibid.* But, in 2013, the Defendant committed the third violation and subsequently "evaded arrest for almost six years." *Ibid.* He was finally detained on August 22, 2019. *Ibid.*

Just over a month later, on October 1, 2019, a Florida legislative amendment took effect "that changed the elements of a felony theft to encompass higher value items, thereby making [the Defendant's] actions a misdemeanor."[3] *Ibid.* Just three days later, the Florida circuit court adjudicated

---

[1] These facts are taken from the filings in the Defendant's state-court criminal case. The Defendant has asked us to take judicial notice of these facts under FED. R. EVID. 201(c)(2), *see* Motion at 2 n.1, and we have done so.

[2] The 2012 version of FLA. STAT. § 812.014(2) (under which the Defendant was charged for the iPhone theft) provides:

> (c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property is:
>
> 1. Valued at *$300 or more*, but less than $5,000.

FLA. STAT. § 812.014(2)(c)(1) (2012) (emphasis added).

[3] The amended version of the statute, which took effect on October 1, 2019, states:

> (c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:
>
> 1. Valued at *$750 or more*, but less than $5,000.

the Defendant guilty of the iPhone theft under the *old version* of the theft statute. *See ibid.* In other words, the Florida circuit court found the Defendant guilty of a felony, not a misdemeanor. The Defendant served his eight-month prison sentence and returned to society. *See* Motion at 3.

Fast forward to January 27, 2022. Law enforcement executed a search warrant on the Defendant's Key West residence and recovered two firearms: one from the Defendant's person and a second from the home. *See* Response at 4. The Defendant was subsequently charged with two counts of violating 18 U.S.C. § 922(g)(1), *see* Indictment [ECF No. 1]—the predicate felony being the 2019 felony conviction for the 2012 iPhone theft.

Now in federal court, the Defendant filed a Motion to Dismiss Indictment (the "Second MTD") [ECF No. 60] on July 24, 2023.[4] In his Second MTD, the Defendant argued that the Florida legislature's amendment of the theft statute—which came three days *before* he was adjudicated guilty of the original iPhone theft—meant that "not only was the particular felony then-charged against [the Defendant] non-existent when the 2019 state court judgment was issued, but the judgment itself bears no legal effect whatsoever." Second MTD at 1. We denied this Second MTD *without prejudice* and ordered the parties to engage with *Lewis v. United States*, 445 U.S. 55 (1980), and *United States v. Fillingim*, 688 F. App'x 670 (11th Cir. 2017) (per curiam). *See* Order Denying Motion to Dismiss Indictment Without Prejudice [ECF No. 69] at 2. *Lewis* and *Fillingim* both stand for the proposition that an individual felon must "clear his [felony] status *before* obtaining a firearm," *even if* his predicate "felony

---

FLA. STAT. § 812.014(2)(c)(1) (2019) (emphasis added).

[4] The Defendant had filed an earlier Motion to Dismiss Indictment (the "First MTD") [ECF No. 10], in which he argued that § 922(g)(1) violates the Second Amendment, *see* First MTD at 6 ("Section 922(g)(1) fails both steps of the [*N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)] analysis."). We disagreed and denied the First MTD. *See* May 9, 2023, Order [ECF No. 53] (denying the First MTD and noting that "*every federal judge* who has considered this [Second Amendment argument] since *Bruen* has upheld the continued validity of § 922(g)(1)" (emphasis in original)).

3

conviction might turn out to be invalid for any reason." *Fillingim*, 688 F. App'x at 67 (quoting *Lewis*, 445 U.S. at 64, 62). The parties have now complied with our instructions.[5]

But, before we address the Defendant's Motion directly, we must discuss some parallel Florida proceedings the Defendant initiated shortly after his 2022 federal arrest. On September 28, 2022, the Defendant filed a motion for postconviction relief under FLA. R. CRIM. P. 3.850, challenging his underlying theft conviction. *See* Motion at 3 n.3. In that postconviction motion, the Defendant argued (as he does here) that his state felony conviction and sentence were invalid "because they were imposed by the circuit court after statutory amendments to the crime of felony grand theft had already divested the [circuit court] of its subject-matter jurisdiction[.]" *Ibid.* The Florida circuit court denied that motion on November 4, 2022, and the Defendant appealed the court's order to Florida's Third District Court of Appeal (the "Third DCA"). *Ibid.* Noting that "the key fact here is that the circuit court entered orders of probation *prior* to the statutory change," the Third DCA affirmed. *Meyer*, 2023 WL 5418585, at *2 (emphasis added). "Because the circuit court had jurisdiction to enter the orders of probation [before the statute was amended]," the Third DCA continued, "the circuit court retained the authority to enforce its orders [after]. To rule otherwise would effectively nullify the circuit court's order of probation and reward the defendant's violation of the order and six-year evasion of arrest." *Ibid.* The Defendant has appealed the Third DCA's decision to the Florida Supreme Court, which has yet to indicate whether it will hear the case. As of this writing, then, the Defendant remains a felon under Florida law.

## THE LAW

"An indictment is sufficient 'if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a

---

[5] *See generally* Motion; Response; Reply in Support of Meyer's Renewed Motion to Dismiss Indictment ("Reply") [ECF No. 81].

judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (quoting *United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1998)). "These requirements derive from 'the Sixth Amendment's guarantee of notice to the accused of the nature and the cause of the accusation, and the Fifth Amendment's assurance that a grand jury will return an indictment only when it finds probable cause for all elements of the crime.'" *United States v. Doak*, 47 F.4th 1340, 1351 (11th Cir. 2022) (quoting *United States v. Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010)). "Simplicity is acceptable; an indictment is constitutionally sufficient when it 'tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.'" *Id.* at 1351–52 (quoting *Wayerski*, 624 F.3d at 1350).

"There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." *United States v. Hoover*, 635 F. Supp. 3d 1305, 1315 (M.D. Fla. Oct. 18, 2022) (Howard, J.) (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). That said, it's "perfectly proper, and in fact mandated, that [a] district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense." *Ibid.* (quoting *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983)).

**ANALYSIS**

To find for the Defendant, we would have to do two things. *First*, we'd have to conclude that he's entitled to challenge his underlying *Florida* felony conviction in this *federal* proceeding. *Second*, we'd have to conduct a detailed analysis of Florida law and determine that his Florida felony conviction is not, in fact, a felony conviction. But, because the Defendant cannot use this *federal* proceeding to collaterally attack his *Florida* conviction, we deny his Motion—without reaching the second question.

The U.S. Supreme Court's decision in *Lewis* is dispositive here. The petitioner there was "charged by indictment with having knowingly received and possessed . . . a specified firearm, in

violation of 18 U.S.C. App. § 1202(a)(1).'"[6] *Id.* at 57. That statute provided that "any person who has been convicted by a state court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both." 18 U.S.C. § 1202(a)(1) (1977) (cleaned up). The petitioner had a prior Florida felony conviction (from sixteen years earlier) for breaking and entering. *See Lewis*, 445 U.S. at 56–57. The petitioner argued that, because he "was not represented by counsel in the 1961 Florida proceeding," his constitutional rights (as clarified by *Gideon v. Wainwright*, 372 U.S. 335 (1963)) had been violated. *Id.* at 57–58. And, in his view, a § 1202(a)(1) prosecution "could not be predicated on a prior conviction obtained in violation of [his] Sixth and Fourteenth Amendment rights." *Id.* at 58. The Supreme Court disagreed, reasoning that "[t]he statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury." *Id.* at 60–61. "Congress," the Court went on, "clearly intended that the defendant clear his [felon] status *before* obtaining a firearm[.]" *Id.* at 64 (emphasis in original). "We therefore hold," the Court concluded, "that § 1202(a)(1) prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Id.* at 65.

The Eleventh Circuit adopted this approach in *United States v. Standridge*, 810 F.2d 1034 (11th Cir. 1987) (per curiam). The defendant there was "convicted under 18 U.S.C. App. § 1202(a) for possessing a firearm while having three prior convictions for burglary or robbery." *Id.* at 1038. He argued, however, that "the government failed to prove three *valid* prior convictions." *Ibid.* (emphasis in original). One of his three prior convictions, he said, was invalid because Georgia had violated his

---

[6] We acknowledge that 18 U.S.C. § 1202(a)(1) is a precursor to 18 U.S.C. § 922(g)(1)—and that the two statutes aren't identical.

Sixth Amendment rights under *Gideon* and a second (he added) was flawed because Georgia tried him as an adult even though he was only fifteen years old when the crime occurred. *See ibid.* Rejecting the defendant's collateral attacks on his prior state-court convictions, the Eleventh Circuit explained that, "[i]n light of *Lewis* . . . , it is unnecessary that the three predicate convictions be truly valid in order to satisfy section 1202(a)." *Ibid.*

Jump ahead three decades, and the Eleventh Circuit applied *Lewis* yet again in *Fillingim*.[7] The defendant in that case was charged with "two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1)[.]" *Id.* at 671–72. The defendant moved "to dismiss the indictment on the basis that his [predicate] convictions for the Georgia felonies were void because the state court lacked jurisdiction." *Id.* at 672. The Eleventh Circuit was unconvinced: "The Supreme Court," the Circuit noted, "has held that in a federal prosecution for being a felon in possession of a firearm a defendant may not collaterally attack his prior conviction in order to negate the government's evidence that he had a felony conviction." *Ibid.* (citing *Lewis*, 445 U.S. at 67). "In *Lewis*," the Eleventh Circuit continued, "the Supreme Court recognized that such collateral attacks were barred because Congress had intended federal law to prevent all convicted felons from possessing firearms, even if the 'felony conviction ultimately might turn out to be invalid for any reason.'" *Id.* at 672–73 (quoting *Lewis*, 445 U.S. at 62). "[A] convicted felon may possess a firearm only if his conviction had been vacated or the firearm restriction removed, such as through 'a qualifying pardon or a consent from the Secretary of Treasury.'" *Id.* at 673 (quoting *Lewis*, 445 U.S. at 60–61). In sum, "because [the defendant] had prior felony convictions at the time he possessed a firearm or ammunition, a

---

[7] The Defendant is right that *Fillingim*, as an unpublished opinion, is "not binding precedent." Motion at 8 (quoting *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013)). But he's wrong to suggest that we shouldn't follow it. *See ibid.* The decisions in *Lewis*, *Standridge*, and *Fillingim* are still good law, and—unlike the Defendant's cases—they're on all-fours with our case.

7

subsequent collateral attack on his state court convictions as void for lack of subject matter jurisdiction would not affect his federal felon-in-possession-of-a-firearm charge." *Ibid.*

This line of cases is controlling here. Like the defendants in *Lewis*, *Standridge*, and *Fillingim*, our Defendant has been charged with a federal felon-in-possession count. And, like those defendants, our Defendant challenges the viability of his predicate felony conviction. But, as with the similar arguments the defendants advanced in *Lewis*, *Standridge*, and *Fillingim*, our Defendant's claim fails. The problem isn't that the Defendant's state felony conviction is (or isn't) valid. The problem is that the felony conviction is there *at all*. The Supreme Court's decision in *Lewis* (and its progeny) teaches us that, if a convicted felon would like to possess a firearm, he cannot just go ahead and do so on the basis that—in his opinion—his felony conviction is invalid. Instead, as the Supreme Court explained, he must work through the state-court system to have that conviction vacated *before* he possesses the firearm.

Nor does the Defendant's proposed solution make much sense. The Defendant's view, after all, would force federal courts presiding over felon-in-possession prosecutions to adjudicate de facto appeals of unrelated (and long-since closed) state felony cases. Such a rule would present significant federalism concerns and may well violate the *Rooker-Feldman* doctrine, which "precludes lower federal courts from reviewing state court judgments." *Cave v. Stone*, 2021 WL 4427451, at *12 (S.D. Fla. Sept. 27, 2021) (Altman, J.). And *Rooker-Feldman* itself "'follows naturally from the jurisdictional boundaries that Congress has set for the federal courts': that (1) 'federal district courts are courts of original jurisdiction,' which 'generally cannot hear appeals'; and that (2) 'only the Supreme Court can reverse or modify state court judgments.'" *Ibid.* (quoting *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021)).

Resisting all this, the Defendant tries to distinguish *Lewis* and its progeny on the ground that those cases involved the predecessor statute (§ 1202(a)(1))—and not § 922(g)(1). *See* Motion at 4–5. Although the Defendant concedes that the "Firearm Owner's Protection Act of 1986 . . . incorporated

8

[§ 1202(a)'s] substantive violation into § 922(g)," he insists that the two statutes are meaningfully different in at least one salient way: only the latter provides that "[w]hat constitutes a [predicate] conviction . . . shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* at 5 (quoting 18 U.S.C. § 921(a)(20)(B)). By "'directing courts to look at state law to determine whether a defendant is deemed convicted' for § 922(g)(1) purposes," the Defendant says, "Congress intended to 'open the predicate conviction to a new form of collateral attack.'" *Id.* at 7 (quoting *Lewis*, 445 U.S. at 67 (cleaned up)). And, he adds, because of this new language, "defendants in [the Eleventh Circuit] have successfully challenged § 922(g)(1) charges that were predicated on state criminal proceedings." *Id.* at 6. We disagree.

It's true that, in the Eleventh Circuit, defendants have successfully challenged their § 922(g)(1) charges on the basis that—under "the law of the jurisdiction in which [the alleged predicate felony] proceedings were held," 18 U.S.C. § 921(a)(20)(B)—those defendants were not, in fact, convicted felons. But these cases are different. In *Lewis*, *Standridge*, and *Fillingim*—as in our case—the state courts had made clear that the defendants had been convicted of felonies, and those felony convictions were on the books when the defendants possessed the firearms that triggered their federal firearm charges. In the cases the Defendant cites, by contrast, the state courts had not unambiguously adjudicated those defendants guilty of felonies. To understand whether the defendants were felons under "the law of the jurisdiction in which [the alleged felony] proceedings were held," 18 U.S.C. § 921(a)(20)(B), the federal courts thus had to parse state law themselves. The Defendant's cases, in other words, have nothing to do with the validity of the state felony convictions and everything to do with understanding whether the state courts had treated those convictions as *felony* convictions in the first instance.

Take, for instance, *United States v. Willis*, 106 F.3d 966 (11th Cir. 1997)—the case our Defendant principally relies on. There, a defendant charged with violating § 922(g)(1) "filed a motion to dismiss . . . on the grounds that having entered a *nolo contendere* plea as to the alleged, predicate

9

[Florida] offenses, he had not been 'convicted' of a prior felony[.]" *Id.* at 967. Citing § 921(a)(20), the Eleventh Circuit noted that "the narrow issue before the court is *whether* the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year under Florida law." *Id.* at 968 (emphasis added & cleaned up). The court then borrowed from a Northern District of Florida judge's "exhaustive review [in an unrelated proceeding] of Florida jurisprudence on the issue" before concluding that a "*nolo contendere* plea . . . does not amount to a confession of guilt" and is thus "not a conviction under Florida law." *Id.* at 968, 970. The Eleventh Circuit, therefore, vacated the defendant's § 922(g)(1) conviction and sentence. *Id.* at 970.

The other case the Defendant cites, *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016), is very similar. The § 922(g)(1) defendant there had previously pled guilty in state court to a Florida count of cocaine possession—a felony—but the state court had withheld adjudication. *Id.* at 1214. Now in federal court, the defendant argued that, "because this adjudication was withheld, his possession-of-cocaine charge [did] not qualify as a 'conviction' under Florida law." *Ibid.* Because the state courts had not said whether the defendant's withhold qualified as a felony in the first instance, the Eleventh Circuit "certified a question to the Florida Supreme Court asking whether that State treats a guilty plea with adjudication withheld as a 'conviction' for purposes of [Florida's felon-in-possession statute]." *Ibid.* When the Florida Supreme Court answered that a guilty plea with an adjudication withheld was *not* a felony under state law, the Eleventh Circuit vacated the defendant's § 922(g)(1) conviction. *Id.* at 1215.[8]

In both *Willis* and *Clarke*, then, the state courts had *never* adjudicated the defendants guilty of a felony offense—and so, the federal courts had to decide for themselves whether, as a matter of state

---

[8] Our Defendant also cites *United States v. Williams*, 668 F. App'x 859 (11th Cir. 2016) (per curiam). *See* Motion at 7. But *Williams* just applied *Clarke* to an identical situation—*viz.*, where the predicate state conviction for a federal § 922(g)(1) charge was a guilty plea accompanied by a withhold of adjudication.

law, the defendants were (or were not) convicted felons. That's not our case. Here—as in *Lewis*, *Standridge*, and *Fillingim*—the Florida courts have been clear that, under "the law of the jurisdiction in which [the alleged predicate felony] proceedings were held," 18 U.S.C. § 921(a)(20)(B), the Defendant was a convicted felon when he possessed his guns. So, while he may have strong arguments for his view that the Florida courts got it wrong, he had an obligation to convince the state courts of his position before going out and possessing a gun.

\*\*\*

After careful review, we **ORDER and ADJUDGE** that the Renewed Motion to Dismiss Indictment [ECF No. 78] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on December 15, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record